UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

LORENZO GILBERTO GRANT            :            Case No. 05-26658REF
*a/k/a* LORENZO G. GRANT
TRISS MARIE GRANT                 :
*a/k/a* TRISS M. GRANT,
         *Debtor(s)*              :

                                   :

## ORDER

AND NOW, this   28th   day of March, 2006, upon consideration of the show cause

hearing held on March 23, 2006, during which Debtors were directed to show cause why this case

should not be dismissed or venue transferred as against Debtor, Lorenzo G. Grant ("Mr. Grant"),

because Mr. Grant does not reside in this District, it is ORDERED that the Rule to Show Cause

issued on February 28, 2006 is hereby DISCHARGED because we find that venue may remain in

this District pursuant to 28 U.S.C. §1408 and Fed. R. Bankr. P. 1014(a)(2).  The interests of justice

and the convenience of the parties are served because Debtors have shown that the majority of the

marital property is in this District, see Debtor's Response to Show Cause Order, ¶17,[1] and no party

in interest has objected to venue in Mr. Grant's case remaining in this District.   See Collier on

Bankruptcy, 15th Ed. Rev. ¶1014.03[1] at 1014-7 in which the treatise notes that a court may retain

an improperly filed case if no party in interest objects.  ("In that case, the 1987 Advisory Committee

---

1.  The proper venue for a case commenced under the Bankruptcy Code is the district in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of the case have been located for the 180 days immediately preceding the commencement of the case.  28 U.S.C. §1408(1).

Note state that '[i]f a timely motion to dismiss for improper venue is not filed, the right to object to

venue is waived.'"); <u>ICMR, Inc. v. Tri-City Foods, Inc.</u>, 100 B.R. 51, 54 (D. Kan. 1989); <u>Bryan v.

Land</u> (<u>In re Land</u>), 215 B.R. 398, 403 (B.A.P.8th Cir. 1997).  Finally, we do not believe that any

creditors will be prejudiced if venue in Mr. Grant's case remains in this District.


                                        BY THE COURT



                                        _____
                                        RICHARD E. FEHLING
                                        United States Bankruptcy Judge